UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JAMES ADAM BALLINGER,

        Plaintiff,

v.

UNKNOWN IGE et al.,

        Defendants.
_____/

Case No. 1:24-cv-787

Honorable Jane M. Beckering

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, Plaintiff has been granted leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim. The Court will also deny Plaintiff's motion to appoint counsel (ECF No. 3).

**Discussion**

I.  **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Jackson County, Michigan. The events about which he complains, however, occurred at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. Plaintiff sues the "Bellamy Creek Prison," Inmate "Gordon #259187," "C/O," and IBC Corrections Officers Unknown Ige and Alani.

Plaintiff alleges that, on May 10, 2024, the cell doors in Plaintiff's unit were opened to allow the prisoners out for yard time; however, Plaintiff was not allowed out as Plaintiff was "on L.O.P." (loss of privileges). (ECF No. 1, PageID.3.) When the other prisoners returned from the yard, Defendant Ige opened all cell doors, including Plaintiff's door, "knowing [Plaintiff] didn't go out." (*Id.*) Defendant Gordon then entered Plaintiff's cell and attacked Plaintiff. (*Id.*) Plaintiff alleges that Defendant Alani "was called to the assault from the yard[;] he was a witness." (*Id.*, PageID.2.)

As a result of the events described in Plaintiff's complaint, Plaintiff seeks compensatory damages. (*Id.*, PageID.3–4.)

II.  **Motion to Appoint Counsel**

With his complaint, Plaintiff filed a motion to appoint counsel (ECF No. 3). Plaintiff states that he is imprisoned, limiting his ability to litigate, has limited legal knowledge, and is severely mentally ill. (*Id.*, PageID.16–17.) He also contends that counsel would be better able to perform the investigation and research required and present Plaintiff's case at trial. (*Id.*, PageID.16.)

Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel,

2

in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's position. Plaintiff's motion to appoint counsel (ECF No. 3) will, therefore, be denied.

### III.  Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to

relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

### A. Section 1983 Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Here, the Court liberally construes Plaintiff's complaint to bring claims against Defendants for violation of Plaintiff's Eighth Amendment rights.

#### 1. Claims Against the Bellamy Creek Prison

Plaintiff has sued the "Bellamy Creek Prison." However, the prison is not a separate entity capable of being sued. As this Court noted in *Ryan v. Corizon Health Care*, No. 1:13-cv-525, 2013 WL 5786934 (W.D. Mich. Oct. 28, 2013), "individual prisons named as Defendants . . . (ICF, IBC, LRF and RGC) are buildings used by the MDOC to house prisoners. They are not the proper public entity for suit." *Id*. at *7; *see also Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) ("The McCracken County Jail is not a legal entity susceptible to suit . . .[; i]t is a department of the county . . . ."); *Caruthers v. Corr. Medical Serv., Inc.*, No. 1:10-cv-274, 2010 WL 1744881, at *1 (W.D. Mich. Apr. 27, 2010) ("The Duane Waters Hospital is not an entity capable of being sued. Rather, it is a building owned by the Michigan Department of Corrections."); *Poole v. Michigan Reformatory*, No. 09-CV-13093, 2009 WL 2960412, at *1 (E.D. Mich. Sept. 11. 2009) ("Plaintiff names the Michigan Reformatory, the Earnest C. Brooks Correctional Facility, and the Macomb

4

Correctional Facility as defendants in this action. Those entities, however, are institutions operated by the MDOC and are not . . . legal entities subject to suit . . . .").

Moreover, § 1983 expressly requires that a named defendant be a "person." *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). But neither the State of Michigan nor the MDOC is a "person" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding a state is not a "person"); *Parker v. Mich. Dep't of Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003) (citing *Will* and holding that the MDOC is not a "person."). And, obviously, because IBC is not an entity separate from the MDOC, it is also not a "person" under § 1983. *See, e.g.*, *Tinney v. Detroit Reentry Center*, No. 2:19-cv-10894, 2020 WL 4334964, at *2 (E.D. Mich. July 28, 2020) (stating "a state prison facility is not a person . . . capable of being sued under § 1983"); *Ward v. Healthcare Clinic*, No. 16-10646, 2016 WL 3569562, at *1 (E.D. Mich. July 1, 2016) (same); *Poole*, 2009 WL 2960412, at *1 (same). Therefore, the Court will dismiss Plaintiff's claims against Defendant Bellamy Creek Prison.

    **2. Claims Against Defendant Gordon**

Plaintiff seeks to bring a claim against Defendant Gordon arising out of Defendant Gordon's May 10, 2024 attack on Plaintiff. To the extent that Plaintiff seeks to bring claims against Defendant Gordon under § 1983, he may not do so.

A claim under § 1983 may be brought only against a person acting under color of law. *West*, 487 U.S. at 48. However, an inmate is most certainly not a state actor for purposes of § 1983. *See, e.g., Nobles v. Brown,* 985 F.2d 235, 238 (6th Cir. 1992) (holding that a prison guard who was taken captive and raped by an inmate could not show breach of the due process clause for purposes of civil rights claim; it was not prison officials who took the guard captive and assaulted her, it was an inmate, and the inmate was not acting under color of state "statute, ordinance, regulation, custom, or usage"); *Goodell v. Anthony*, 157 F. Supp. 2d 796, 801 (E.D. Mich. 2001)

5

(collecting cases for the proposition that "an inmate is not a state actor or a person acting under the color of state law for purposes of stating a claim under § 1983"). Accordingly, the Court will dismiss Plaintiff's § 1983 claims against Defendant Gordon.

### 3. Claims Against Defendant "C/O"

Plaintiff lists "C/O" as a Defendant in the section of his complaint titled "Parties," but makes no further mention of Defendant C/O in the complaint. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.").

Plaintiff fails to even mention Defendant C/O in the body of his complaint. His allegations therefore fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). The Court will dismiss Plaintiff's claims against Defendant C/O.

### 4.  Eighth Amendment Claim Against Defendants Ige and Alani

Construed liberally, Plaintiff appears to allege that Defendant Ige failed to protect Plaintiff from the May 10, 2024 attack by Defendant Gordon. Plaintiff also alleges that Defendant Alani was a witness and was called in from the yard as a result of Defendant Gordon's assault on Plaintiff.

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984). In particular, because officials have "stripped [prisoners] of virtually every means of self-protection[,]" "officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833.

In order for a prisoner to state an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer*, 511 U.S. at 834); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993). Deliberate indifference is a higher standard than negligence and requires that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Bishop v. Hackel*, 636 F.3d 757, 766–67 (6th Cir. 2011).

7

### a. Defendant Ige

Plaintiff alleges only that, when the prisoners returned from the yard, Defendant Ige opened all cell doors, including Plaintiff's "knowing [Plaintiff] didn't go out." (ECF No. 1, PageID.3.) Plaintiff claims that this action allowed Defendant Gordon to enter Plaintiff's cell and assault Plaintiff. (*Id.*)

The Court does not minimize Plaintiff's experience or the consequences that Plaintiff endured from Defendant Gordon's attack. However, the facts alleged in the complaint are insufficient to state an Eighth Amendment failure-to-protect claim against Defendant Ige. Specifically, the factual allegations do not show that Defendant Ige knew that any inmate returning from the yard posed any risk of harm to Plaintiff prior to the attack, let alone a substantial risk of harm. The Court will therefore dismiss Plaintiff's claims against Defendant Ige.

### b. Defendant Alani

Plaintiff alleges that Defendant Alani was a "witness" and was called in from the yard as a result of the May 10, 2024, assault. However, Plaintiff provides no information that would plausibly suggest that Defendant Alani was aware of an excessive risk to Plaintiff's safety or that he engaged in any behavior that could be said to evidence deliberate indifference to that risk. A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). Here, Plaintiff has not provided the Court with any facts whatsoever that would plausibly suggest that Defendant Alani engaged in any unconstitutional behavior. Accordingly, the Court will dismiss any claims that Plaintiff intends to raise against Defendant Alani.

### B. State Law Claims

Plaintiff's allegations might plausibly be interpreted as alleging violations of prison policy or tort claims under state law. Claims under § 1983 can only be brought for "deprivations of rights

secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Therefore, any assertion that Defendants violated state law fails to state a claim under § 1983.

In determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)). Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Therefore, Plaintiff's state law claims against Defendants, if any, will be dismissed without prejudice to Plaintiff's ability to raise those claims in the state courts.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's federal claims will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will dismiss Plaintiff's state law claims without prejudice because the Court declines to exercise supplemental jurisdiction over them. The Court will also deny Plaintiff's motion to appoint counsel.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997) *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445

(1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:    August 29, 2024                    /s/ Jane M. Beckering
                                                                                    Jane M. Beckering
                                                                                    United States District Judge